IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PHILLIP WILLIAM BAY | ) |
| | ) |
| v. | ) No. 3:16-0221 |
| | ) |
| CAROLYN W. COLVIN, | ) |
|     Acting Commissioner of | ) |
|     Social Security | ) |

To:    The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

Plaintiff filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the final decision of the Social Security Administration ("Commissioner") denying Plaintiff's claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") as provided under Title II and XVI of the Social Security Act ("the Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket Entry No. 15), to which Defendant has filed a response (Docket Entry No. 17). Plaintiff has also filed a subsequent reply to Defendant's response (Docket Entry No. 18).

Upon review of the administrative record as a whole and consideration of the parties' filings, and for the reasons stated below, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (Docket Entry No. 15) be **GRANTED,** the decision of the Commissioner be **REVERSED**, and this matter be **REMANDED** for further administrative proceedings consistent with this Report.

## I. INTRODUCTION

Plaintiff filed an application for a period of disability, DIB, and SSI on May 25, 2012. *See* Transcript of the Administrative Record (Docket Entry No. 13) at 76-77.[1] He alleged a disability onset date of July 15, 2008, which was later amended to January 1, 2011. AR 17, 76-77. Plaintiff asserted that he was unable to work due to back problems, neck problems, arthritis, ruptured discs, lung problems, collar bone pain, coughing up blood, passing blood in stool, hearing problems, vision problems, leg pain, weight loss, and memory problems. AR 108, 110.

Plaintiff's applications were denied initially and upon reconsideration. AR 76-77, 102-03. Pursuant to his request for a hearing before an administrative law judge ("ALJ"), Plaintiff appeared with counsel and testified at a hearing before ALJ David A. Ettinger on June 18, 2014. AR 27. On September 19, 2014, the ALJ rendered a partially favorable decision. AR 11-13. Specifically, the ALJ determined that Plaintiff was not disabled prior to May 25, 2012, but became disabled on May 25, 2012 and continued to be disabled through the date of his decision. AR 18. The Appeals Council denied Plaintiff's request for review of the ALJ's decision on December 22, 2015 (AR 1-3), thereby making the ALJ's decision the final decision of the Commissioner. This civil action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. § 405(g).

---

[1] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding page number(s) as numbered in large black print on the bottom right corner of each page. All other filings are hereinafter referenced by the abbreviation "DE" followed by the corresponding docket entry number and page number(s) where appropriate.

## II. THE ALJ FINDINGS

The ALJ issued a partially favorable decision on September 19, 2014. AR 11-13. Based upon the record, the ALJ made the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2011.

2. The claimant has not engaged in substantial gainful activity since the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. Prior to May 25, 2012, the date the claimant became disabled, the claimant had the following medically determinable impairments: lumbar degenerative disc disease (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*). However, the claimant did not have an impairment or combination of impairments that significantly limited (or was expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant did not have a severe impairment or combination of impairments (20 CFR 404.1521 *et seq.* and 416.921 *et seq.*).

***

4. Beginning on May 25, 2012, the claimant has had the following severe impairment: chronic obstructive pulmonary disease (20 CFR 404.1520(c) and 416.920(c)).

***

5. Since May 25, 2012, the severity of the claimant's impairment has met the criteria of section 3.02 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 416.920(d), and 416.925).

***

6. The claimant was not disabled prior to May 25, 2012 (20 CFR 404.1520(c) and 416.920(c)) but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(d) and 416.920(d)).

***

7. The claimant was not under a disability within the meaning of the Social Security Act at any time through December 31, 2011, the date last insured (20 CFR 404.315(a) and 404.320(b)).

AR 19-23.

## III. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV. DISCUSSION AND CONCLUSIONS OF LAW

### A. Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (i) whether the decision of the Commissioner is supported by substantial evidence, and (ii) whether the Commissioner made legal errors in the process of reaching the decision. 42 U.S.C. § 405(g). *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971) (adopting and defining substantial evidence standard in context of Social Security cases); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). The Commissioner's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *Jones v. Comm'r of Soc. Sec.,* 336 F.3d 469, 477 (6th Cir. 2003); *Her v. Comm'r of Soc. Sec.,* 203 F.3d 388, 389-90 (6th Cir. 1999).

Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially similar to that in *Richardson*).

The Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). A

reviewing court may not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility. *See, e.g., Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record as a whole is without substantial evidence to support the ALJ's determination. 42 U.S.C. § 405(g). *See, e.g., Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

### B. Determining Disability at the Administrative Level

The claimant has the ultimate burden of establishing an entitlement to benefits by proving his "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 432(d)(1)(A). The asserted impairment(s) must be demonstrated by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. §§ 432(d)(3) and 1382c(a)(3)(D); 20 C.F.R. §§ 404.1512(a), (c), and 404.1513(d). "Substantial gainful activity" not only includes previous work performed by the claimant, but also, considering the claimant's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which the claimant lives, or whether a specific job vacancy exists, or whether the claimant would be hired if he applied. 42 U.S.C. § 423(d)(2)(A).

In the proceedings before the Social Security Administration, the Commissioner must employ a five-step, sequential evaluation process in considering the issue of the claimant's alleged disability. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). First, the claimant must show that he is not engaged in "substantial gainful activity" at the time disability benefits are sought. *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007); 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment that meets the twelve month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also*

*Edwards v. Comm'r of Soc. Sec.*, 113 F. App'x 83, 85 (6th Cir. 2004). Third, if the claimant has satisfied the first two steps, the claimant is presumed disabled without further inquiry, regardless of age, education or work experience, if the impairment at issue either appears on the regulatory list of impairments that are sufficiently severe as to prevent any gainful employment or equals a listed impairment. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant is not required to show the existence of a listed impairment in order to be found disabled, but such showing results in an automatic finding of disability that ends the inquiry. *See Combs, supra; Blankenship v. Bowen*, 874 F.2d 1116, 1122 (6th Cir. 1989).

If the claimant's impairment does not render him presumptively disabled, the fourth step evaluates the claimant's residual functional capacity in relationship to his past relevant work. *Combs, supra.* "Residual functional capacity" ("RFC") is defined as "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1). In determining a claimant's RFC, for purposes of the analysis required at steps four and five, the ALJ is required to consider the combined effect of all the claimant's impairments, mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. §§ 423(d)(2)(B), (5)(B); *Foster v. Bowen*, 853 F.2d 483, 490 (6th Cir. 1988). At the fourth step, the claimant has the burden of proving an inability to perform past relevant work or proving that a particular past job should not be considered relevant. *Cruse*, 502 F.3d at 539; *Jones*, 336 F.3d at 474. If the claimant cannot satisfy the burden at the fourth step, disability benefits must be denied because the claimant is not disabled. *Combs*, *supra.*

If the claimant is not presumed disabled but shows that past relevant work cannot be performed, the burden of production shifts at step five to the Commissioner to show that the claimant, in light of the claimant's RFC, age, education, and work experience, can perform other substantial gainful employment and that such employment exists in significant numbers in the national economy. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (quoting *Walters v. Comm'r of Soc. Sec.*, 402 F.3d 525, 529 (6th Cir. 1997)). *See also Felisky v.*

*Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). To rebut a *prima facie* case, the Commissioner must come forward with proof of the existence of other jobs a claimant can perform. *Longworth*, 402 F.3d at 595. *See also Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 528 (6th Cir. 1981), *cert. denied*, 461 U.S. 957, 103 S. Ct. 2428. 77 L. Ed. 2d 1315 (1983) (upholding the validity of the medical-vocational guidelines grid as a means for the Commissioner of carrying his burden under appropriate circumstances). Even if the claimant's impairments prevent the claimant from doing past relevant work, if other work exists in significant numbers in the national economy that the claimant can perform, the claimant is not disabled. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). *See also Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1028-29 (6th Cir. 1990); *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 88-89 (6th Cir. 1985); *Mowery v. Heckler*, 771 F.2d 966, 969-70 (6th Cir. 1985).

If the question of disability can be resolved at any point in the sequential evaluation process, the claim is not reviewed further. 20 C.F.R. § 404.1520(a)(4). *See also Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (holding that resolution of a claim at step two of the evaluative process is appropriate in some circumstances).

**C. The ALJ's Evaluation of Plaintiff's Claim**

In the instant case, the ALJ determined that Plaintiff failed to demonstrate that he was disabled prior to his date last insured, December 31, 2011. However, the ALJ additionally found that, beginning May 25, 2012, Plaintiff was presumptively disabled because he had an impairment that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ thus found that Plaintiff was not eligible for a period of disability benefits or DIB under Title II of the Social Security Act ("SSA"), but found that Plaintiff was disabled for purposes of SSI under Title XVI of the SSA, beginning on May 25, 2012. AR 19-23.

**D. Plaintiff's Assertions of Error**

Plaintiff argues that this case must be remanded for further development of the record due to the ALJ's failure to establish a "legitimate medical basis" for his finding regarding Plaintiff's alleged onset date of disability. DE 16 at 4.

Sentence four of 42 U.S.C. § 405(g) states the following:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3). "In cases where there is an adequate record, the [Commissioner's] decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a claimant's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994). The Court addresses Plaintiff's assertion of error below.

**1. Whether the ALJ failed to establish a "legitimate medical basis" for the determination regarding the onset date of Plaintiff's condition.**

Plaintiff's sole argument is that the ALJ violated Social Security Ruling ("SSR") 83-20[2] by failing to utilize a medical expert in determining the date on which Plaintiff's disabling condition began. DE 16 at 5-6. Plaintiff claims that the ALJ's decision to use May 25, 2012, the date on which Plaintiff applied for disability benefits, without consulting a medical professional

---

[2] Social Security Rulings do not have the force and effect of law, but are "binding on all components of the Social Security Administration" and represent "precedent final opinions and orders and statements of policy and interpretations" adopted by the Commissioner. *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 272, n.1 (6th Cir. 2010) (citing 20 C.F.R. § 402.35(b)(1)).

8

constitutes reversible error. *Id*. at 7-8. The decision to use this date prevented Plaintiff from being awarded a period of disability and DIB in light of the expiration of his insured status on December 31, 2011. AR 20.[3] Plaintiff thus requests that the Court reverse the ALJ's decision and remand this case for "further development." DE 16 at 4.

In response, Defendant correctly notes that there is no evidence in the record that Plaintiff received any medical treatment between October of 2007 and June of 2012 for chronic obstructive pulmonary disorder ("COPD"), the condition for which he was ultimately awarded SSI. DE 17 at 5. Defendant claims that the ALJ properly relied on Plaintiff's testimony and corresponding treatment notes, which confirm that Plaintiff's symptoms were not present between the amended alleged onset date, January 1, 2011, and the date last insured, December 31, 2011. *Id.* at 7-8. Therefore, Defendant argues, "the record already contains the evidence Plaintiff seeks," thereby obviating SSR 83-20's requirement that a medical advisor be retained to determine the onset of the disabling condition. DE 17 at 5, 7.

Plaintiff does not dispute the ALJ's determination that his lumbar degenerative disc disease did not represent a severe impairment. Plaintiff's argument with respect to the onset date under SSR 83-20 instead focuses solely on the ALJ's finding regarding COPD: "Having determined that Plaintiff was, indeed, disabled because his COPD meets the requirements of Listing 3.02 … the ALJ was thus required to call on a medical advisor if the onset date for Plaintiff's disability could not be inferred from the record." DE 16 at 6-7. Therefore, the only issue before the Court is whether there is substantial evidence to support the ALJ's determination that the onset of Plaintiff's COPD was May 25, 2012, less than five months after his date last insured.

---

[3] A claimant must demonstrate that he or she became "disabled" prior to the date last insured in order to establish entitlement to DIB. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

SSR 83-20 delineates the guidelines by which an ALJ determines the onset of a disabling condition, including three factors:

> Factors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence. These factors are often evaluated together to arrive at the onset date. However, the individual's allegation or the date of work stoppage is significant in determining onset only if it is consistent with the severity of the condition(s) shown by the medical evidence ... . Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e. be decided on medical grounds alone) before onset can be established ... . In some cases, it may be possible, based on the medical evidence, to reasonably infer that the onset of a disabling impairment occurred sometime prior to the date of the first recorded medical examination, e.g. the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

1983 WL 31249, at *1-3. Plaintiff initially alleged that his disabling condition began on July 15, 2008, though he later amended this date to January 1, 2011. AR 17. As noted by the Sixth Circuit, SSR 83-20 "emphasizes that the claimant's alleged onset date should be adopted only if it is consistent with all the evidence available." *Carmichael v. Bowen*, 914 F.2d 255 (table) (6th Cir. 1990), 1990 WL 136120, at *2 (quoting *Willbanks v. Secretary of Health & Human Servs.*, 847 F.2d 301, 304 (6th Cir. 1988)). In the instant case, it cannot reasonably be disputed that Plaintiff's alleged onset date of January 1, 2011 is not consistent with the evidence contained in the record, as there is no evidence of any treatment between October of 2007 and June of 2012. Plaintiff's representative explicitly stated during the hearing that the amended onset date of January 1, 2011 was "strictly a technical date" intended to preserve Plaintiff's claim for a period of disability and DIB. AR 31. Plaintiff's allegation regarding the onset of his disability thus holds little sway.

Plaintiff's work history is similarly unhelpful to the Court's analysis, as he claims that he has been unable to work since July 14, 2008. AR 30. However, as previously discussed, there is no medical evidence of any kind suggesting that Plaintiff's COPD developed at that time. Indeed, the first mention of COPD in any medical record is found in the report documenting Dr. Roy Johnson's consultative examination of Plaintiff on July 10, 2012. AR 256-58. This is significant because medical evidence, the third factor to be addressed under SSR 83-20, "serves as the primary element in the onset determination." 1983 WL 31249, at *2. Plaintiff testified that he "had trouble breathing in 2011" (AR 36), although there is nothing in the record to support this assertion. The Court notes that a record from June of 2012 suggests that Plaintiff was not experiencing shortness of breath, chest pain, coughing, or wheezing. AR 229-30.

It is Plaintiff's burden to prove that he became disabled prior to the date selected by the Commissioner, and not the Commissioner's burden to disprove any earlier onset date, as long the Commissioner's decision is supported by substantial evidence. *Cadwallader v. Comm'r of Soc. Sec.*, No. 09-cv-10935, 2010 WL 465844, at *5 (E.D. Mich. Feb. 4, 2010) (citing *Besaw v. Sec'y of Health and Human Servs.,* 966 F.2d 1028, 1030 (6th Cir. 1992)); *Blankenship,* 874 F.2d at 1121. Here, Plaintiff presents an argument for remand based solely on a technicality, namely, that the ALJ violated SSR 83-20 by failing to utilize the services of a medical advisor in selecting an onset date, and cites no evidence suggesting that an onset date earlier than May 25, 2012 is appropriate.

Nevertheless, the Court finds that this case should be remanded for additional consideration to include consultation with a medical expert regarding the onset of Plaintiff's condition. Despite the dearth of medical evidence pertaining to COPD, the Court notes that the onset date selected by the ALJ and the date last insured are less than five months apart. The

determination of the onset date is crucial to Plaintiff's claim, as he would be entitled to Title II benefits if his onset date were found to precede the date last insured. *See* SSR 83-20, 1983 WL 31249, at *1 ("In many claims, the onset date is critical; it may affect the period for which the individual can be paid and may even be determinative of whether the individual is entitled to or eligible for any benefits.").

The ALJ in this case appears to have selected May 25, 2012 as the onset date merely because it was the day on which Plaintiff's application was filed. While there is no evidence suggesting an earlier onset date, there is similarly no substantial evidence to support the selection of May 25, 2012. *See Blankenship*, 874 F.2d at 1124 (the Commissioner must support any determination of a disability onset date with substantial evidence) (citing *Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988)). SSR 83-20 also specifically states that "[c]onvincing rationale must be given for the date selected." 1983 WL 31249, at *3. No such convincing rationale was provided in the ALJ's opinion. The ALJ's selection of May 25, 2012 instead "gives the appearance that the [] date was solely chosen because it fell outside the insured status time period." *Blankenship*, 874 F.2d at 1122. The Court thus finds that by refusing to employ the services of a medical expert, and instead utilizing Plaintiff's filing date to establish an onset date for COPD, an impairment that is not traumatic in nature, the ALJ failed to adhere to the requirements of SSR 83-20.

This finding is consistent with the Sixth Circuit's holding in *Blankenship v. Bowen*. The Court emphasizes the reasoning set forth in Justice Nelson's concurring opinion regarding the ALJ's decision to select an onset date based solely on the day the subject claimant underwent an independent examination by a consulting psychiatrist, which the undersigned believes is analogous to the instant case:

12

> Social Security Rule 83-20 declares it "essential" that the onset date of disability "be correctly established and supported by the evidence ...." Where, as would seem to be the case here, it is possible to infer that the onset of the disability occurred at some point prior to the date of the first recorded medical examination establishing disability, SSR 83-20 says that the onset date "must be fixed based on the facts ...." A finding that the claimant's progressive mental disorder became disabling on November 13, 1985, cannot rationally be based on the fact that Dr. Lurie happened to conduct his examination on that date … SSR 83-20, as I read it, makes it clear that in a case such as this the ALJ is not to determine the onset date without having called on the services of a medical advisor: "At the hearing, the administrative law judge ... should call on the services of a medical advisor when onset must be inferred." That was not done here, and I fully agree with the conclusion that this case must be sent back so that the informed judgment of a medical advisor can be obtained.

*Id*. at 1124 (Nelson, J., concurring). Similarly, it is highly likely that the onset of Plaintiff's COPD, a non-traumatic impairment that was determined by the ALJ to meet the criteria of Listing 3.02 (AR 22), occurred at some point prior to the date he filed his application. Indeed, Plaintiff alleged that he had "[severe] difficulty breathing" as part of a function report completed on January 1, 2012, just one day after his date last insured. AR 183. His subsequent diagnosis of COPD confirms the veracity of this claim. Bearing in mind that "in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity … before onset can be established," 1983 WL 31249, at *2, it seems improbable that the onset of COPD occurred nearly five months later when he filed his application. A medical expert is better suited to make a judgment as to the onset of this impairment, which is precisely the purpose of the requirements contained in SSR 83-20.

Defendant's argument that the opinion of Dr. Thomas Thrush, a physician who reviewed Plaintiff's medical record, obviates the applicability of SSR 83-20 in this matter is unavailing. DE 17 at 8-9. Notably, Dr. Thrush made no attempt to infer an onset date because he opined that Plaintiff's allegations regarding his breathing problems were "less than credible," and ultimately determined that Plaintiff did not meet listing 3.02, an opinion that was rejected by the ALJ.

AR 23. Defendant's claim that the "record already contains the evidence Plaintiff seeks," (DE 17 at 5) is therefore unfounded. Moreover, as noted by Plaintiff, SSR 83-20 specifically requires that the ALJ utilize a medical advisor "[a]t the hearing," which, in this case, took place approximately 17 months after Dr. Thrush issued his opinion. AR 27, 97. As such, Dr. Thrush's report does not comport with SSR 83-20's mandate.

The Court notes that its conclusion finds support in other circuits. The Ninth Circuit has held that SSR 83-20's statement that a medical expert "should" be obtained actually means that such action *must* take place. *See Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 590 (9th Cir. 1998) ("If the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 *requires* the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination.") (emphasis added) (internal citation and quotations omitted); *see also DeLorme v. Sullivan,* 924 F.2d 841, 848 (9th Cir. 1991) ("In the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the [ALJ] to call upon the services of a medical advisor and to obtain all evidence which is available to make the determination."). The Eighth Circuit has similarly held that if the medical evidence of record is ambiguous and it is necessary for the ALJ to make an inference regarding onset, SSR 83-20 "requires the ALJ to call upon the services of a medical advisor to insure that the determination of onset is based upon a 'legitimate medical basis.'" *Grebenick v. Chater,* 121 F.3d 1193, 1201 (8th Cir. 1997) (citing SSR 83-20). The Fifth Circuit has opined that in cases involving slowly progressive impairments, such as COPD, and ambiguity as to the onset date requiring an inference by the ALJ, SSR 83-20 "requires that that inference be based on an informed judgment. The [ALJ] cannot make such an inference without the assistance of a medical

advisor." *Spellman v. Shalala*, 1 F.3d 357, 362 (5th Cir.) (1993). In light of this weight of authority, and based on the foregoing analysis, the Court finds that this matter should be remanded for an additional hearing to include the opinion of a medical expert regarding the onset of Plaintiff's COPD.

## V. RECOMMENDATION

For the above stated reasons, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion for judgment on the administrative record (DE 15) be GRANTED, and that the Commissioner's decision be REVERSED and REMANDED for further proceedings consistent with this Report and Recommendation.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge